UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CLARK STOECKLEY, et ano.,

                Plaintiffs,

        -against-                              09 Civ. 7600 (LAK)

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/10

## MEMORANDUM AND ORDER
(Corrected)

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on plaintiffs' motion for leave to file a second amended complaint. The Court assumes familiarity with its previous opinion in this case. *Stoeckley v. City of New York,* __ F. Supp.2d __, No. 09 Civ. 7600 (LAK), 2010 WL 1239314 (S.D.N.Y. Mar. 31, 2010) (hereinafter *"Stoeckley I"*).

### Facts

        This is a Section 1983 and state law tort action arising out of the claim of plaintiffs Clark Stoeckley and Jason Nicholas that defendant Daniel Velazquez, an off-duty New York City police officer, drew his firearm, pointed it at plaintiffs, and threatened to kill them after Nicholas threw a bottle at him at about 2 a.m. on March 2009 on a downtown street. In an earlier opinion, I granted the City's motion for judgment on the pleadings dismissing the amended complaint on the ground that the amended complaint failed sufficiently to allege that Velazquez had acted under color

2

of law, particularly in light of the lack of any allegation that "Velazquez was in uniform, that he was on duty, or that he exhibited a badge or identified himself as a police officer during the entire course of the incident." *Stoeckley I*, 2010 WL 1239314, at *2-3 (footnote omitted).

On July 2, 2010, more than three months later, plaintiffs moved for leave to file a second amended complaint. The proposed second amended complaint, while much longer than the original, differs from the original only in one respect. While it remains devoid of any allegation that Velazquez was in uniform, that he was on duty, or that he exhibited a badge or identified himself as a police officer during the entire course of the incident, it now asserts that Velazquez told the Internal Affairs Bureau ("IAB") after the events in question "that he identified himself as a police officer in the course of his encounter with the plaintiffs." Sec. Am. Cpt. ¶¶ 51, 154, 168, 173. The proposed pleading, however, never asserts that Velazquez's alleged statement was true. Indeed, it goes to great pains to accuse Velazquez of giving false information to IAB in the course of its investigation of the incident, albeit not in this particular respect.

The City opposes the motion on the grounds of undue delay and futility.

*Discussion*

The fundamental question presented by the City's futility argument is whether plaintiffs have stated a legally sufficient claim on the color of law issue by alleging that Velazquez later told the IAB that he had identified himself as a police officer without themselves alleging that he did so. At least on the facts of this case, I conclude that they have not.

The proposed second amended complaint is the plaintiffs' third telling of the story of the incident of March 7, 2009. They have avoided any allegation that Velazquez identified

himself during the incident as a police officer. That quite obviously has been a deliberate choice,[1] as their interest in stating that Velazquez did so – if in fact he did – has been obvious from the start of this action or, at least, from the time the City first contested the sufficiency of their state action allegations. It goes directly to the question whether plaintiffs can state a Section 1983 claim. In consequence, there remains no allegation that Velazquez "was in uniform, that he was on duty, or that he exhibited a badge or identified himself as a police officer during the entire course of the incident."

The new allegation that Velazquez later claimed, when his conduct came under investigation, that he had identified himself as a police officer changes nothing, at least in these circumstances. If plaintiffs believed that was true, they easily could have said so. The fact that they refuse to make that claim, and thus to take upon themselves the responsibilities imposed by Fed. R. Civ. P. 11, makes plain that they dispute Velazquez's contention. This is all the clearer in light of their having filled the proposed pleading with contentions that Velazquez repeatedly lied to IAB.

Under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In view of plaintiffs' steadfast refusal to allege that Velazquez identified himself as a police officer, they have not in these circumstances alleged facts sufficient to make out a plausible claim that he acted under color of law. Amendment as proposed by plaintiffs would be futile with respect to the Section 1983 claims, and the Court would lack subject matter jurisdiction over the state law tort claims. Moreover, the manner in which

---

[1] Indeed, their reply brief very carefully states that Velazquez "alleged that he identified himself to the Plaintiffs as a police officer" (Reply Br. 7-8), not that he actually did so.

4

plaintiffs have attempted to skirt the need to assert directly facts sufficient to make out color law is too cute by half and smacks of bad faith. *See Lee v. Regal Cruises, Ltd.,* 916 F. Supp. 300, 304 (S.D.N.Y. 1996), *aff'd,* 116 F.3d 465 (table), 1997 WL 311780 (2d Cir. 1997).

## *Conclusion*

For the foregoing reasons, plaintiffs' motion for leave to file a second amended complaint [DI 28] is denied in all respects. This ruling is without prejudice to plaintiffs' filing a state court complaint alleging exclusively the state law claims proposed to be asserted in the proposed second amended complaint. As this ruling is dispositive of the Section 1983 claims against defendant Velazquez, the Section 1983 and state law tort claims against him are dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction, respectively. The Clerk shall enter final judgment dismissing the action.

SO ORDERED.

Dated:      July 30, 2010
Corrected:  August 8, 2010

_____
Lewis A. Kaplan
United States District Judge